UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___05/06/2024___

TYRIEK WHIDBEE,

                      Plaintiff,

    -against-

POLICE OFFICER THOMAS E. BENJAMIN, et al.,

                      Defendants.

No. 23 Civ. 2371 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge

       Plaintiff Tyriek Whidbee brings this action against Defendants Village of Monticello (the "Village"), the Village of Monticello Police Department ("Village Police Department" and, collectively, "Village Defendants"), and others in the Complaint. ("Compl.," ECF No. 2.) As against Village Defendants, Plaintiff asserts a single claim pursuant to 42 U.S.C. §1983 ("Section 1983") for violations of his Fourth and Fourteenth Amendment rights (commonly referred to as a *Monell* claim). (*See id*. ¶¶ FIFTY-SECOND-SIXTY-SECOND.)

       The Village Defendants move to dismiss Plaintiff's single cause of action against them under Federal Rule of Civil Procedure 12(b)(6). (the "Motion", ECF No. 29.) For the following reasons, Village Defendants' Motion is GRANTED.

## BACKGROUND

### I.    Factual Background

       The following facts are taken from the Complaint and assumed to be true for the purposes of Village Defendants' Motion.

       On September 18, 2021, former Village police officer Thomas E. Benjamin ("Officer Benjamin"), while on patrol with New York State Trooper Connor M. Stewart, deployed his taser

on Plaintiff during a slow-speed pursuit as the Plaintiff was operating a motorcycle, causing the Plaintiff to crash his motorcycle and sustain numerous injuries. (Compl. ¶ THIRTEENTH-SIXTEENTH.) Officer Benjamin and Stewart thereafter arrested Plaintiff and falsely charged him with Obstruction of Governmental and Administration in violation of Penal Law § 195.05 and Resisting Arrest in violation of Penal Law § 205.30. (*Id.* ¶ TWENTY-FOURTH.) Plaintiff was released from custody several hours later (*id.* ¶ TWENTY-EIGHTH) and the charges against him were later dismissed (*id.* ¶ FORTY-FIRST).

The Plaintiff alleges that Officer Benjamin and Stewart "failed to fully and truthfully report the use of force upon [him] and his subsequent false arrest to their respective superiors or otherwise properly document the subject incident." (*Id.* ¶ TWENTY-SIXTH.) The Plaintiff further alleges "[t]hat no supervising officer approved or signed off on any official reports or documents filed by [Officer Benjamin]." (*Id.* ¶ FORTIETH.) Following the underlying incident, the Village Police Department suspended Officer Benjamin and later decertified him as a police officer. (*Id.* ¶¶ THIRTIETH-THIRTY-FIRST.)

## II.    Procedural History

Plaintiff filed his Complaint on March 23, 2023. (*See* ECF No. 2.) On November 3, 2023, Defendants filed the instant Motion (ECF No. 29), as well as a memorandum of law (ECF No. 31) and reply (ECF No. 33), in support thereof. Plaintiff filed an opposition to Defendants' Motion. ("Pltf's Opp.", ECF No. 35).

## LEGAL STANDARD

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), for "failure to state a claim upon which relief can be granted," a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Although for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court will accept the facts in a complaint as true "and then determine whether they plausibly give rise to an entitlement to relief." *Id*. A claim is facially plausible when the factual content pleaded allows the Court "to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Ultimately, determining whether a complaint states a facially plausible claim upon which relief may be granted is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

## DISCUSSION

### I.      Lack of Departmental Liability

Plaintiff has sued the Village Police Department, but "under New York law, departments which are merely administrative arms of a municipality[ ] do not have a legal identity separate apart from the municipality and cannot sue or be sued." *Tenemille v. Town of Ramapo*, No. 18-CV-724 (KMK), 2020 WL 5731964, at *16 (S.D.N.Y. Sept. 24, 2020) (quoting *Elek v. Incorporated Village of Monroe*, 815 F. Supp. 2d 801, 806 n.2 (S.D.N.Y. 2011)). The Village Police Department is an administrative arm of its corresponding municipality, the Village, (Compl. ¶ TENTH), which itself is a named Defendant. "Where both the municipality and the municipal agency have been named as defendants, courts have dismissed the claims against the agency." *See Tenemille*, 2020 WL 5731964, at *16; *see also McKeefry v. Town of Bedford*, 2019 WL 6498312, n. 7 (S.D.N.Y. 2019) ("Plaintiffs claims against the Police Department also fail because it is not a suable entity but rather a subdivision of the town."); *Moffett v. Town of Poughkeepsie*, 2012 WL

3740724, at *1 (S.D.N.Y. 2012) ("Under New York law, the Town of Poughkeepsie Police Department is an administrative arm of a municipality and does not have a separate legal identity…Therefore, a police department is not a suable entity."). Because the Village Police Department does not have its own legal identity, Plaintiff's claim against it is dismissed with prejudice.

## II.   Municipal Liability Pursuant to Section 1983

The Village Defendants argue that Plaintiff fails to plead sufficient facts to state a plausible *Monell* claim on the basis that Plaintiff's Complaint puts forth conclusory statements in lieu of evidence of an official policy or custom that caused Plaintiff's alleged constitutional injuries.

Where a plaintiff brings constitutional claims against a municipal actor in her official capacity, the plaintiff must satisfy the requirements of *Monell v. Department of Social Services of New York City*, 436 U.S. 658 (1978). That is, the plaintiff must "plead the existence of a municipal custom, policy, or practice which caused the deprivation of her constitutional rights." *Martinetti v. Mangan*, No. 17-CV-5484 (KMK), 2019 WL 1255955, at *8 (S.D.N.Y. Mar. 19, 2019) (citation omitted). A plaintiff may satisfy the "policy or custom" requirement by alleging one of the following: (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees. *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276–77 (S.D.N.Y. 2010) (citations omitted). For prior acts to constitute a de facto policy of a municipality,

those acts must have been "so widespread and so persistent…[to] ha[ve] the force of law." *Hawthorne by Hawthorne v. Cnty. of Putnam*, 492 F. Supp. 3d 281, 292 (S.D.N.Y. 2020). In addition, "the simple recitation that there was a failure to train municipal employees does not suffice to allege that a municipal custom or policy caused the plaintiff's injury." *Davis v. City of New York*, No. 07-CV-1395 (RPP), 2008 WL 2511734, at *6 (S.D.N.Y. June 19, 2008) (holding that "conclusory allegations that a municipality failed to train and supervise its employees" are insufficient to state a *Monell* claim absent supporting factual allegations); *see also Maynard v. City of New York*, 2013 WL 6667681, at *6 (S.D.N.Y. 2013) ("conclusorily alleging that there was a policy or custom, without alleging supporting facts is insufficient"). Accordingly, to survive a motion to dismiss, a plaintiff

> cannot merely allege the existence of a municipal policy or custom, but 'must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists.'...[M]ere allegations of a municipal custom or practice of tolerating official misconduct are insufficient to demonstrate the existence of such a custom unless supported by factual details.

*Triano v. Town of Harrison*, 895 F.Supp.2d 526, 535 (S.D.N.Y. 2012) (citations omitted).

Here, Plaintiff alleges a failure on the part of the Village Defendants to provide adequate training or supervision to subordinates. (*See* Compl. ¶ FIFTY-FOURTH.) In particular, Plaintiff claims the Village Defendants "failed to adequately discipline, sanction, train, retrain, supervise or otherwise direct police officers under their command…despite their knowledge of the reoccurring problem of violations of the Constitutional rights of citizens by the use of excessive and unreasonable force." (*Id.* ¶¶ FIFTY-FOURTH-FIFTY-FIFTH.) These boilerplate allegations, supported by no "facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists," are plainly insufficient to survive a motion to dismiss. *See Triano*, 895 F.Supp.2d at 535; *see also id.* at 539 ("Plaintiff has merely alleged that the Town

failed to train its employees, without providing any supporting factual detail about alleged deficiencies in the training program, or regarding other instances of police misconduct which could be attributed to a failure to train."); *Duncan v. City of New York*, 2012 WL 1672929, at *2-3 (E.D.N.Y. 2012) (finding "boilerplate statements" like "New York City has a 'custom and policy of making illegal and false arrests with excessive force [ and] without probable cause'" and "New York City has a 'custom and policy of tolerating this particular type of false arrest'…insufficient to state a claim of municipal liability under *Monell*"). Plaintiff makes only generalized and conclusory statements about the Village Defendants' alleged practices, without "identify[ing] *any* details about other instances of police misconduct, either by [the defendant officer] or other officers, which would suggest a pattern or practice of abuse," or "any reports or investigations which suggest deficiencies in the [Village's] misconduct review process." *See Triano*, 895 F. Supp. 2d at 536- 37 (emphasis in original).

Furthermore, although a municipality's failure to respond to an obvious need for training or supervision may properly be considered a policy that is actionable under Section 1983, *Cash v. Cnty. Of Erie*, 654 F.3d 324. 334 (2d Cir. 2011), a plaintiff must show that the municipality had "actual or constructive notice that a particular omission in their training program cause[d] city employees to violate citizens' constitutional rights," *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Plaintiff's allegations do not show that Village Defendants had actual or constructive notice of the need for different training or supervision to protect the rights of their citizens. Plaintiff's reference to "repeated complaints of the use of excessive force" and "of civil rights violations" does not change this fact.[1] (*See id.* ¶ FIFTY-SIXTH.) In his opposition, Plaintiff cites seven lawsuits, which

---

[1] Plaintiff also asserts that the Village Defendants failed to discipline their police officers as evidence in support of his *Monell* claim. (Compl. ¶¶ FIFTY-FOURTH-FIFTY-FIFTH.) Even assuming that Officer Benjamin was not disciplined as a result of the incident at bar, "where the only evidence of a policy of inadequate supervision is a failure to discipline the defendant officers, a policy condoning unconstitutional action by the City cannot be inferred."

occurred over the course of a 20-year period, against the Village involving excessive force complaints. (*See* ECF No. 35, Declaration). Not a single one of these lawsuits, however, resulted in an adjudication or admission of liability against the Village. Moreover, three of these lawsuits actually resulted in *dismissal* of the *Monell* claims alleged therein. *See Rubert v. Village of Monticello,* 2020 WL 176982 (S.D.N.Y 2020); *Askew v. Lindsey,* 15-CV-07496(PED) (S.D.N.Y. 2016); *Staten v. Village of Monticello,* 14-CV-04766 (KMK) (S.D.NY. 2016). This Court has consistently found that reliance upon previous lawsuits involving similar claims absent a finding of culpability are insufficient to support the existence of a custom or policy. *See Falls v. Campbell*, 2019 WL 1255768, at *6 (S.D.N.Y. 2019) (collecting cases) ("To the extent the complaints…were found to be unsubstantiated or were settled without an admission of liability by the [municipality], those complaints do not provide a valid basis for concluding that the [municipality] was deliberately indifferent to [Defendants'] use of excessive force, because they do not, by themselves, establish that [they] used excessive force in the first place.") (citation omitted); *Tieman v. City of Newburgh*, 2015 WL 1379652, at *17 (S.D.N.Y. 2015) ("Simply put, the fact that there were allegations of thirteen instances of excessive force during arrests over four years (none of which involved findings or admissions of culpability) during which hundreds, if not thousands, of arrests were made does not plausibly demonstrate that the use of excessive force during arrest was so frequent and pervasive to constitute a custom."); *Calderon v. City of New York*, 138 F. Supp. 3d 593, 613 (S.D.N.Y. 2015) (holding the existence of 16 prior lawsuits insufficient to show a municipal custom where "[n]one of the lawsuits cited resulted in an adjudication or admission of liability and the number of suits does not suggest a pervasive illegal practice.").

---

*Dove v. Fordham Univ*., 56 F. Supp. 2d 330, 336 (S.D.N.Y. 1999), *affd sub nom. Dove v. O'Hare*, 210 F.3d 354 (2d Cir. 2000). *See also DiGennaro v. Town of Gates Police Dep't*, 2013 WL 3097066, at *14 (W.D.N.Y. 2013) ("a municipal policy cannot be inferred from a failure to discipline 'a single police officer for a single incident of illegality'") (citation omitted).

Nor is the single incident involving Plaintiff sufficient to demonstrate that the Village Defendants had actual or constructive notice. *See Giaccio v. City of New York*, 308 Fed. Appx. 470, 471-72 (2d Cir. 2009) (dismissing the plaintiff's claim arising under Section 1983 where the plaintiff "identifie[d], at most, only four examples where the defendants might have" violated the plaintiff's constitutional rights); *Calicchio v. Sachem Cent. Sch. Dist.*, 185 F. Supp. 3d 303, 316 (E.D.N.Y. 2016) (holding that two instances of allegedly unconstitutional actions were insufficient to "support the inference that the County had a policy of" permitting or condoning such behavior); *Bowles v. New York City Transit Auth.*, No. 00 Civ. 4213, 2006 WL 1418602, at *16 (S.D.N.Y. May 23, 2006) (holding that the combined evidence of only two isolated incidents was insufficient to demonstrate a policy or custom for purposes of Section 1983). Even assuming that Plaintiff suffered constitutional injuries following his encounter with the Village Police Department, his experience, standing alone, is the sort of "isolated unconstitutional incident[]" that this Court has previously found "cannot establish deliberate indifference to inadequate training." *Dove*, 56 F. Supp. 2d at 336. The only unconstitutional incident described with any factual detail in the Complaint "relate[s] to Plaintiff's own arrest," and, therefore, the Complaint does not state a plausible claim "that the [Village] has a custom of tolerating or covering up police abuses." *Triano*, 895 F.Supp.2d at 538 (citation omitted). Without actual or constructive notice, Plaintiff cannot contend that the Village acted with deliberate indifference to permit a "culture of bringing such false charges…to exist without repercussion to the police officers who engage in such behavior."[2] (Compl. ¶ FIFTY-SEVENTH.)

---

[2] Plaintiff additionally alleges that Village Defendants "actively took steps to conceal what occurred" on the day of Plaintiff's incident and "thwarted and prevented a meaningful investigation into [Plaintiff]'s arrest and subsequent injuries." (*Id.* ¶ SIXTIETH.) It is unclear if Plaintiff includes this allegation in support of a policy or custom of concealing constitutional violations by Village employees, but, either way, without a "single example to support these assertions," he fails to state a claim. *See Triano*, 895 F. Supp. 2d at 538-39. Moreover, Plaintiff's conclusory accusation is contradicted by the repeat allegations, elsewhere in the complaint, that Officer Benjamin and Stewart "failed to fully and truthfully report the use of force upon the [P]laintiff…to their respective superiors or

In sum, Plaintiff's contentions in support of his *Monell* claim are not substantiated "with sufficient facts about [his] or others' experiences that suggest the existence of a failure to train or supervise to such an extent that it amounts to deliberate indifference to the rights of the general public." *Nesheiwat v. City of Poughkeepsie, N.Y.*, 11 Civ. 7072(ER), 2013 WL 620267, at *4 (S.D.N.Y. Feb. 13, 2013). As a result, Plaintiff is unable to demonstrate that the Village Defendants took any action other than to employ the individual defendants whom Plaintiff contends committed the conduct alleged, and his *Monell* claim is dismissed without prejudice as a result. *See Vippolis v. Village of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985) (holding that a municipality must take some action that caused plaintiff's injuries "beyond merely employing the misbehaving officer" to face *Monell* liability).[3]

## CONCLUSION

For the foregoing reasons, the Village Defendants' motion to dismiss the Complaint is GRANTED. The Clerk of Court is kindly directed to terminate the motion at ECF No. 29 and to terminate Defendant Village of Monticello Police Department.

Plaintiff is granted leave to file an Amended Complaint as to its *Monell* claim against Defendant Village of Monticello. If Plaintiff chooses to do so, Plaintiff will have until May 28,

---

otherwise properly document the subject." (Compl. ¶¶ TWENTY-SIXTH-TWENTY-SEVENTH.) If the individual Defendants acted "with the design and purpose to coverup their crimes and official misconduct," then it makes little sense that the Village Defendants knew of their purported misconduct and helped the individual Defendants to conceal the incident. (*See id.* ¶ TWENTY-SEVENTH.)

[3] Plaintiff appears to allege a different type of *Monell* claim – namely, a widespread, consistent practice constituting a custom or usage of which a supervising policymaker must have been aware – for the first time in his opposition papers. In particular, he offers a one-sentence argument that the Village Defendants have a "practice permitting their officers to file baseless criminal charges against private citizens as a method of concealing their officers' misconduct - in particular, acts of excessive force perpetrated by members of their police department." (Pltf's Opp. at 3.) In this Circuit, a plaintiff may not amend his complaint through legal arguments raised for the first time in his opposition papers. *See Nesheiwat v. City of Poughkeepsie, N.Y.*, No. 11-CV-7072 ER, 2013 WL 620267, at *3 (S.D.N.Y. Feb. 13, 2013) (citing *Wright v. Ernst & Young LLP,* 152 F.3d 169, 178 (2d Cir.1998), *cert. denied,* 525 U.S. 1104 (1999)). Accordingly, this Court will not consider Plaintiff's novel theory of *Monell* liability.

2024 to file an Amended Complaint. All Defendants are then directed to answer or otherwise respond by June 10, 2024.

If Plaintiff fails to file an Amended Complaint within the time allowed, and he cannot show good cause to excuse such failure, any claims dismissed without prejudice by this Order will be deemed dismissed with prejudice. If no Amended Complaint is timely filed, the parties are directed to complete and file a Case Management Plan and Scheduling Order by June 3, 2024.

Dated:   May 6, 2024                           SO ORDERED:
         White Plains, New York

                                         _____

                                             NELSON S. ROMÁN
                                           United States District Judge

10